Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Paul Black; and Giselle Black; | ) | No. |
| | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | **COMPLAINT** |
| | ) | |
| v. | ) | |
| | ) | |
| Midland Funding LLC; and | ) | (Jury Trial Demanded) |
| Midland Credit Management, Inc.; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## I.  Preliminary Statement

1.     Plaintiffs bring this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. In the course of attempting to collect a debt, Defendants intention-ally engaged in deceptive, unfair and abusive debt collection practices in violation of the FDCPA. Plaintiffs seek to recover statutory damages, actual damages, costs and attorney's fees.

## II.  JURISDICTION

2.     Jurisdiction of this Court, over this action and the parties herein, arises

1  under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue lies in

2  the Phoenix Division of the District of Arizona as Plaintiffs' claims arose

3  from acts of the Defendants perpetrated therein.

### III.  PARTIES

5  3.  Plaintiffs reside in Pinal County, Arizona.

6  4.  Plaintiffs are natural persons who are allegedly obligated to pay a debt

7      which was incurred for personal, family, or household purposes.

8  5.  Plaintiffs are "consumers" as that term is defined by FDCPA § 1692a(3).

9  6.  Defendant Midland Funding, LLC ("Midland") is a Delaware limited

10     liability company.

11 7.  Midland regularly uses the courts in Arizona to collect consumer debts.

12 8.  Midland collects or attempts to collect debts which it claims to have

13     purchased or to have been assigned after default.

14 9.  Midland is a "debt collector" as that term is defined by FDCPA §

15     1692a(6).

16 10. Defendant Midland Credit Management, Inc. ("MCM") is a Kansas

17     corporation registered to conduct business within the state of Arizona.

18 11. MCM is licensed as a collection agency by the Arizona Department of

19     Financial Affairs, license number 0905285.

20 12. MCM regularly collects or attempts to collect debts owed or asserted to

21     be owed or due another, from residents within the State of Arizona.

22 13. MCM is a "debt collector" as that term is defined by FDCPA §1692a(6).

### IV.  Factual Allegations

24 7.  Midland claims to have purchased a charged-off credit card debt from

25     FIA Card Services, N.A., which Defendants claim is owed by Plaintiffs.

- 2 -

(hereinafter "Debt")

8.  Any credit card account, including the alleged Debt, which Plaintiffs would have opened would have been used solely for personal, family, or household purposes.

9.  Sometime in or about April 2015, Midland hired MCM to assist in collecting the Debt from Plaintiffs.

10. MCM, on behalf of Midland, sent Plaintiff Paul Black a letter dated April 17, 2015 in an attempt to collect the alleged Debt. (A copy of the letter is attached as Exhibit A)

11. In the April 17, 2015 letter, MCM stated that the "Current Balance" is $8,580.87.

12. In July 2015, Plaintiff Giselle Black obtained a copy of her Experian credit report.

13. The July 21, 2015 Experian credit report showed that Ms. Black owed a balance of $8,581 to Midland for the Debt.

14. The July 21, 2015 Experian report also reflected that Defendants had reported a balance owing on the Debt of $8,581 from September 2013 through July 2015.

15. Between September 2013 and July 2015, Defendants reported to each of the thee national consumer reporting agencies, Experian, Equifax and Trans Union, that the Plaintiffs owed a balance of $8,581 on the alleged Debt.

16. Defendants regularly reported the Debt to Plaintiffs' credit reports in an attempt to collect the alleged Debt.

17. On September 18, 2015, Defendants filed a lawsuit against Plaintiffs to

1   attempt to collect the alleged Debt.

2   18.   Defendants filed their lawsuit in the Superior / Kearny Justice Court
3       Precinct #6, located in Superior, Arizona.

4   19.   Upon information and belief, Defendants prepared and submitted to the
5       Justice Court a form of summons to be issued and served on Plaintiffs.

6   20.   In the summons, Defendants correctly listed Paul Black's address to be
7       29931 N. Maravilla Dr, San Tan Valley, AZ 85143.

8   21.   This is also the same address used by MCM to mail its prior letters to
9       Plaintiff(s).

10  22.   Plaintiffs' home address is not within the precinct of the Superior /
11      Kearny Justice Court, but rather lies in the Apache Junction Justice Court,
12      Precinct #7, which is located in Apache Junction, Arizona.

13  23.   As Plaintiffs reside within the Apache Junction Justice Court precinct,
14      Defendants were required to file their collection suit in this court, not the
15      Superior / Kearny Justice Court.

16  24.   Upon being served with the Justice Court summons and complaint,
17      Defendants hired counsel to assist them with the lawsuit.

18  25.   Their attorney prepared a motion to dismiss for Plaintiffs to file based
19      upon Defendants' failure to file suit in the proper venue.

20  26.   In Midland's response to Plaintiffs' motion to dismiss, its counsel stated:

21          "Undersigned has personally reviewed the Pinal
            County Justice Precinct map and is still unable to
22          determine with specificity if Defendant(s)' residence is
            located in Justice Precinct 1 or 7. For that matter, it is
23          even possible that Defendant(s)' residence is located
            in Justice Precinct 2.
24

25  27.   None of the possible precincts identified by Midland in its response are

- 4 -

1   the Superior / Kearny Precinct #6.

2   28.   On November 10, 2015, the Superior / Kearny justice of the peace

3   transferred the case "to the proper venue in the Apache Junction Justice

4   Court, Precinct #7."

5   29.   Defendants initially filed their lawsuit in the wrong venue.

6   30.   Defendants alleged in Justice Court Complaint that a balance of $7,979.68

7   was owed on the Debt.

8   31.   Attached to Defendants' Justice Court Complaint was the affidavit of

9   Beth Groskreutz, a Legal Specialist for MCM, dated August 4, 2015.

10   32.   In the affidavit, Ms. Groskreutz states that Defendants owe a "balance of

11   $7,979.68 as of 2015-07-28."

12   33.   Attached to Ms. Groskreutz's affidavit is a document which MCM claims

13   contains information concerning the Debt which was printed from data

14   received from Asset Acceptance, LLC, Midland's immediate predecessor

15   on the Debt. (hereinafter "Field Data Form")

16   34.   In the Field Data Form, Defendants claim that the "Purchase Balance" on

17   the Debt was $8,580.87.

18   35.   On September 30, 2015, MCM sent Mr. Black another collection letter,

19   together with some of the same documents which were attached to the

20   Justice Court Complaint, concerning the Debt. (A copy of the September

21   30, 2015 letter is attached hereto as Exhibit B)

22   36.   In the September 30, 2015 letter, MCM claims that the "Current Balance"

23   is now $7,979.68.

24   37.   However, MCM also included the following statement in the September

25   30, 2015 letter:

- 5 -

> The Current Balance listed above is the amount we are seeking to collect and includes any charges that may apply to this account as of the date of this letter. In addition charges may continue to accrue on this account, including additional costs associated with litigation, until the account is satisfied. Thus, the amount we may be wiling to accept in settlement of the lawsuit may be greater than the amount above.

38. MCM also attached a copy of the Field Data Form to its September 30, 2015 letter, which shows that Defendants claim that the "Purchase Balance" on the Debt was $8,580.87.

39. MCM sent another collection letter to Plaintiffs dated November 4, 2015. (A copy of the November 4, 2015 letter is attached hereto as Exhibit C)

40. MCM stated in the November 4, 2015 letter that "The balance at the time of purchase was $8,580.87."

41. Nowhere in the November 4, 2015 does MCM state that the balance owing is anything other than the $8,580.87.

42. On November 13, 2015, MCM sent Mr. Black another collection letter. (A copy of this letter is attached hereto as Exhibit D)

43. In the November 13, 2015 letter, MCM states that the "Claim Balance" is $7,979.68."

44. MCM also states in the November 13, 2015 letter that:

> Charges may continue to accrue on this account until the account is satisfied, and we may have incurred additional costs in connection with the lawsuit. Thus, the amount we may be willing to accept in settlement of the lawsuit may be greater than the total present balance. We are not obligated to renew this or any other settlement offer.

45. Defendants several inconsistent communications with Plaintiffs within the past year have created confusion as to the actual amount claimed to be

owed, including what additional charges have been or would be added.

46.   At no time has MCM sent Plaintiff Giselle Black a letter notifying her of her rights under 15 U.S.C. § 1692g.

47.   As a result of Defendants' actions as outlined above, Plaintiffs have suffered actual damages, including emotional distress and out of pocket expenses.

## V.   Causes of Action

### a. Fair Debt Collection Practices Act

48.   Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs.

49.   Defendants' violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(A)(2) and (B), 1692e(10), 1692f(1), 1692g, and 1692i(a)(2).

50.   As a direct result and proximate cause of Defendants' actions in violation of the FDCPA, Plaintiffs have suffered actual damages.

## VI.   DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues so triable.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered against Defendants for:

a)   Actual damages under the FDCPA;

b)   Statutory damages under the FDCPA;

c)   Costs and reasonable attorney's fees pursuant to the FDCPA; and

d)   Such other relief as may be just and proper.

DATED   December 3, 2015  .

                         s/ Floyd W. Bybee
                         Floyd W. Bybee, #012651
                         **BYBEE LAW CENTER, PLC**
                         90 S. Kyrene Rd., Ste. 5
                         Chandler, AZ 85226-4687
                         Office: (480) 756-8822
                         Fax: (480) 302-4186
                         floyd@bybeelaw.com

                         Attorney for Plaintiffs